# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| In re | Case No. 6:13-bk-15224-CCJ |
| **MICHAEL POUNCEY,** | Chapter 7 |
| **Debtor.** | |
| _____/ | |
| **SHUTTLE BUS LEASING,** a California corporation, | Adversary No. 6:14-ap-00048-CCJ |
| **Plaintiff.** | |
| v. | |
| **MICHAEL POUNCEY,** | |
| **Defendant.** | |
| _____/ | |

## SHUTTLE BUS LEASING'S MOTION FOR APPROVAL OF SETTLEMENT

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection or other matter, without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date this paper is entered on the docket. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 400 W. Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy on counsel for Shuttle Bus Leasing, Justin M. Luna, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 North Magnolia Ave., Suite 1400, Orlando, FL 32801.
>
> If you file and serve an objection within the time permitted, the Bankruptcy Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

**SHUTTLE BUS LEASING** ("SBL"), a creditor of **MICHAEL POUNCEY** ("Debtor"), by and through its undersigned counsel, and pursuant to Rules 9019 and 7041(a)(2), *Federal Rules of Bankruptcy Procedure* and Local Rule 9019-1, moves for entry of an order approving a

settlement agreement between SBL and the Debtor and dismissing the instant adversary case, and in support thereof, states as follows:

**Background**

1. On December 18, 2015, the Debtor filed his voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code.

2. On April 29, 2014, Shuttle Bus commenced adversary proceeding No. 6:14-ap-00048-CCJ (the "Adversary Proceeding") by filing a complaint to determine the dischargeability of certain debts allegedly owed by the Debtor to SBL.

3. On July 8, 2014, the Debtor filed his answer to the Adversary Proceeding denying all of the allegations set forth by SBL.

4. On July 7, 2015, the Court directed the parties to mediation. (Adv. Doc. No. 22).

5. At the Mediation, the parties agreed to settle all claims set forth in the Adversary Proceeding, without admission of any wrongdoing, and signed a settlement agreement memorializing the terms of the parties' agreement (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A."**

6. Under the Settlement Agreement, the Debtor shall pay SBL a total sum of $63,000.00 in ninety-six (96) equal monthly installments commencing on September 15, 2015. Under the Settlement Agreement, the Debtor is also afforded a discount of six percent (6%) if paid off in full, but prior to the final monthly installment date.

7. The Settlement Agreement, and the dismissal of the Adversary Proceeding against the Debtor, are premised on approval of the Settlement Agreement by the Bankruptcy Court and the Debtor's agreement with Dennis D. Kennedy as the Chapter 7 Trustee of Edison Transportation, LLC resolving claims related to Adversary Proceeding No. 6:14-ap-00045-CCJ.

**Relief Requested**

8. SBL seeks approval of the settlement with the Debtor on the terms and conditions set forth herein pursuant to Bankruptcy Rule 9019(a) and Local Rule 9019-1. Rule 9019(a) states, in part, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." SBL believes the proposed settlement is in the best interest of the parties. The alternative to the settlement is burdensome and costly litigation.

**WHEREFORE**, SBL requests this Court enter an Order (i) granting this Motion; (ii) approving the terms of the Settlement Agreement; and (iii) providing for such further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 19th day of August 2015.

/s/ Justin M. Luna
**Justin M. Luna, Esq.**
Florida Bar No. 0037131
jluna@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Ave, Suite 1400
P.O. Box 3353 (32802-3353)
Orlando, Florida 32801
Tel: 407-481-5800; Fax: 407-481-5801
*Attorneys for Shuttle Bus Leasing*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **In re** | **Case No. 6:13-bk-15224-CCJ** |
| **MICHAEL POUNCEY,** | **Chapter 7** |
| **Debtor.** | |
| _____/ | |
| **SHUTTLE BUS LEASING, a California corporation,** | **Adversary No. 6:14-ap-00048-CCJ** |
| **Plaintiff.** | |
| **v.** | |
| **MICHAEL POUNCEY,** | |
| **Defendant.** | |
| _____/ | |

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the forgoing Motion to Approve Compromise of Controversy, together with all exhibits, has been filed via CM/ECF and furnished by U.S. First Class, postage prepaid mail to: David L. Robold, Esq., a/f Defendant, 131 Park Lake Street, Orlando, Florida 32803, kmiller@robertsroboldlaw.com; the U.S. Trustee, 400 W Washington Street, Suite 1100, Orlando, FL  32801; and Leigh R Meininger, Chapter 7 Trustee, Post Office Box 1946 Orlando, FL 32802-1946, this 19th day of August 2015.


/s/ Justin M. Luna
Justin M. Luna, Esq.

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into this 28th day of July, 2015 between Michael Pouncey ("Debtor") and Shuttle Bus Leasing ("Shuttle Bus") (collectively, the "Parties").

## RECITALS

WHEREAS, the Debtor filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Florida Orlando Division ("Bankruptcy Court") on December 18, 2013; and

WHEREAS, Shuttle Bus commenced Adversary Proceeding No. 6:14-ap-00048-CCJ (the "Adversary Proceeding") by filing a complaint to determine dischargeability of certain debts allegedly owed by the Debtor to Shuttle Bus (the "Obligations"); and

WHEREAS, the Bankruptcy Court directed the Parties to mediation to attempt to resolve all issues related to the Obligations; and

WHEREAS, the Parties participated in a mediation on July 28, 2015 (the "Mediation"); and

WHEREAS, the Parties reached an agreement at the Mediation to resolve all disputes among them, including the Obligations;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1. **Payment Terms.** The Debtor agrees to pay Shuttle Bus a total sum of $63,000.00 in ninety-six (96) equal monthly installments of $656.25 which shall commence on September 15, 2015 and due on the 15th day of each subsequent and consecutive month. All

payments shall be delivered to Shuttle Bus Leasing at 42882 Ivy Street, Murrieta, CA 92562. The Debtor will be entitled to a five (5) business day grace period for each payment ("Grace Period"). Any payment received after the expiration of the Grace Period will be subject to a late charge of $25.

2. **Default.** Shuttle Bus may provide notice of default to the Debtor via email at mpou744568@aol.com and Debtor's counsel via email at bankruptcy@robertsroboldlaw.com (Debtor's Counsel, David Robold) upon the failure of the Debtor to make any required payment herein. Upon receipt such notice of default, the Debtor shall have five (5) business days to cure the default including the payment of any late fees. In the event the Debtor fails to timely cure a noticed default within five (5) business days of receipt of notice, Shuttle Bus may submit a nondischargeable judgment in the amount of the balance owed under this Agreement plus pre and post-judgment interest at the applicable statutory rate plus attorneys' fees associated with enforcing the Agreement fees (the "Judgment") to the Bankruptcy Court for entry without further notice. The form of the Judgment shall be attached as an exhibit to any motion filed pursuant to 9019 to approve this Agreement and the entire amount of the Judgment shall be nondischargeable by the Debtor.

3. **Discount for Early Payoff.** At any time the Debtor may pay off the entire balance owed under this agreement by making a lump sum payment of the balance discounted by six percent (6%).

4. **Dismissal of Pending Action.** Within five business days following approval of this Agreement by the Bankruptcy Court, Shuttle Bus shall dismiss the Adversary Proceeding with prejudice, subject only to the ability to submit the Judgment in the event of a default as provided for in paragraph 2 herein. The Bankruptcy Court shall retain, and shall have, exclusive jurisdiction over the enforcement and interpretation of this Agreement.

5. **No Admission of Liability.** The Parties acknowledge that this Agreement is the result of a negotiated compromise and that it will not be construed or interpreted to reflect any form of admission or recognition of liability or wrongdoing by or on behalf of any party.

6. **Entire Agreement; Amendment.** This Agreement constitutes the entire understanding between the Parties. There are no representations or covenants of any nature, oral or written, which are not included herein. This Agreement cannot be modified or amended except by a written instrument executed by all Parties.

7. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement. Executed counterparts delivered by e-mail or facsimile transmission shall have the same force and effect as counterparts bearing original signatures.

8. **Court Approval.** This Agreement is conditioned upon approval by the Bankruptcy Court as well as the Bankruptcy Court's approval of the Debtor's agreement with Dennis D. Kennedy as the Chapter 7 Trustee of Edison Transportation, LLC resolving claims related to Adversary Proceeding No. 6:14-ap-00045-CCJ.

In witness whereof the parties have entered into this Settlement Agreement the day and year first above indicated.

**SHUTTLE BUS LEASING**                          **MICHAEL POUNCEY**

_____                        _____
Print Name: Dale E. Carson                       DATE: _____
DATE: 7-28-15

5. **No Admission of Liability.** The Parties acknowledge that this Agreement is the result of a negotiated compromise and that it will not be construed or interpreted to reflect any form of admission or recognition of liability or wrongdoing by or on behalf of any party.

6. **Entire Agreement; Amendment.** This Agreement constitutes the entire understanding between the Parties. There are no representations or covenants of any nature, oral or written, which are not included herein. This Agreement cannot be modified or amended except by a written instrument executed by all Parties.

7. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement. Executed counterparts delivered by e-mail or facsimile transmission shall have the same force and effect as counterparts bearing original signatures.

8. **Court Approval.** This Agreement is conditioned upon approval by the Bankruptcy Court as well as the Bankruptcy Court's approval of the Debtor's agreement with Dennis D. Kennedy as the Chapter 7 Trustee of Edison Transportation, LLC resolving claims related to Adversary Proceeding No. 6:14-ap-00045-CCJ.

In witness whereof the parties have entered into this Settlement Agreement the day and year first above indicated.

**SHUTTLE BUS LEASING**             **MICHAEL POUNCEY**

_____     _____
                                    [signature]

Print Name:_____    DATE: July 28, 2015

DATE: _____